Matter of Benjamin GG. v Alexa II. (2021 NY Slip Op 05896)





Matter of Benjamin GG. v Alexa II.


2021 NY Slip Op 05896


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

528464
[*1]In the Matter of Benjamin GG., Respondent,
v
Alexa II., Respondent, and Cole HH., Appellant.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Michelle I. Rosien, Philmont, for Benjamin GG., respondent.
Omshanti Parnes, Plattsburgh, attorney for the child.



Egan Jr., J.
Appeal from an order of the Family Court of St. Lawrence County (Bessette, S.M.), entered December 4, 2018, which, in a proceeding pursuant to Family Ct Act article 5, ordered genetic marker testing for the purpose of determining petitioner's paternity of a child born to respondent Alexa II.
Respondent Alexa II. (hereinafter the mother) is the mother of the subject child (born in 2015). Respondent Cole HH. (hereinafter respondent) and the mother were involved in an intimate relationship beginning in March 2015 and, in July 2015, the subject child was born. Although respondent acknowledged that he was not the child's biological father, he attended prenatal visits with the mother, was present at the child's birth and signed an acknowledgment of paternity. Respondent and the mother subsequently married in November 2015 and, although they are no longer living together, respondent has maintained contact with the child since such time. In July 2018, petitioner commenced this proceeding seeking an order of filiation adjudicating him to be the father of the child, alleging that he was in an intimate relationship with the mother between June 2014 through April 2015. The mother and the attorney for the child consented to the relief requested, but respondent opposed, contending that the doctrine of equitable estoppel barred Family Court from ordering genetic testing. The Support Magistrate (Bessette, S.M.) referred the matter to Family Court and, following a hearing, Family Court (Champagne, J.) determined the doctrine of equitable estoppel to be inapplicable. The proceeding was referred back to the Support Magistrate, who ordered petitioner, the mother and the child to submit to genetic marker testing. Respondent appeals.[FN1]
Respondent's appeal must be dismissed for a variety of reasons, not the least of which being that it is untimely. The appeal was required to be taken, as relevant here, no later than "[35] days from the mailing of the order to [respondent] by the clerk of the court" (Family Ct Act § 1113). The order appealed from was mailed to respondent on December 4, 2018, but respondent did not file his notice of appeal until February 1, 2019, well beyond the 35-day window in which to do so (see Family Ct Act § 1113).[FN2] Thus, respondent's appeal is untimely and, as the applicable statutory time bar is absolute and not subject to extension, this Court lacks jurisdiction to entertain it (see Family Ct Act § 1113; Matter of Richard HH. v Saratoga County Dept. of Social Servs., 163 AD3d 1082, 1083 n 2 [2018], lv denied 32 NY3d 911 [2018]; Matter of Ucci v Ucci, 93 AD3d 1110, 1111 [2012], lv dismissed 19 NY3d 941 [2012]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: The mother did not file a brief in this appeal.

Footnote 2: The order appealed from contained the required statutory language advising respondent as to the time limitations for taking an appeal and a written notation indicating the date of mailing thereof by Family Court (see Family Ct Act § 1113).