Matter of Carrie X. (Amber Y.) (2024 NY Slip Op 04423)

Matter of Carrie X. (Amber Y.)

2024 NY Slip Op 04423

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-23-0399
[*1]In the Matter of Carrie X. and Others, Alleged to be Permanently Neglected Children. Broome County Department of Social Services, Respondent; Amber Y., Appellant, et al., Respondent.

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Broome County Department of Social Services, Binghamton (Martha A. Lyons of counsel), for Broome County Department of Social Services, respondent.
Joan E. Mencel, Endwell, attorney for the children.

McShan, J.
Appeal from an order of the Family Court of Broome County (Hollie S. Levine, J.), entered December 23, 2022, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondents' parental rights.
Respondent Amber Y. (hereinafter the mother) and respondent Brett Z. (hereinafter the father) are the parents of three children (born in 2016, 2017 and 2019) who, in August 2019, were adjudicated as neglected children. In April 2021, petitioner filed a permanent neglect petition alleging, among other things, that respondents failed to make plans for the future of the children although physically and financially able to do so and had failed to take advantage of the diligent efforts made by petitioner to strengthen and encourage the parental relationship. Following a fact-finding hearing and a dispositional hearing, Family Court adjudicated the children to be permanently neglected and terminated respondents' parental rights. The mother appeals.
As argued by petitioner and the attorney for the children, the mother's appeal must be dismissed as untimely. Pursuant to Family Ct Act § 1113, the mother was required to file her notice of appeal, as relevant here, within "[35] days from the mailing of the order to the appellant by the clerk of the court." The record reflects that the Family Court Clerk's office emailed the order to the mother's counsel and mailed the order to the mother via regular mail on the same day it was entered — December 23, 2022. The mother, in a self-represented capacity, filed a notice of appeal on February 23, 2023, well beyond the 35-day period. Accordingly, the mother's "appeal is untimely and, as the applicable statutory time bar is absolute and not subject to extension, this Court lacks jurisdiction to entertain it" (Matter of Benjamin GG. v Alexa II., 198 AD3d 1194, 1195 [3d Dept 2021]; see Family Ct Act § 1113; Matter of Washington County Dept. of Social Servs. v Oudekerk, 205 AD3d 1108, 1108-1109 [3d Dept 2022]; Matter of Ucci v Ucci, 93 AD3d 1110, 1111 [3d Dept 2012], lv dismissed 19 NY3d 941 [2012]). Petitioner's alternative contention directed at the mother's failure to effectuate service of the notice of appeal (see Family Ct Act § 1115) has been rendered academic.
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, without costs.